IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY D. FINCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. 4:23-cv-00517-DGK |
| | ) | Crim. No. 4:19-cr-00403-03-DGK |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING PETITIONER'S § 2255 MOTION TO VACACTE, SET ASIDE, OR CORRECT HIS SETENCE

Now before the Court is Petitioner Terry D. Finch's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Civ. Case, Mot., ECF No. 1; Crim. Case, ECF No. 220.[1] He argues his attorney ("Trial Counsel") was ineffective in advising him to accept a plea agreement that gave him no discernable benefit. The Government opposes the motion, Civ. Case, Opp'n, ECF No. 3, and Petitioner has filed a reply, Civ. Case, Reply, ECF No. 4.[2]

Holding the record conclusively shows Petitioner is not entitled to relief, the Court finds an evidentiary hearing is unnecessary and that the motion should be DENIED. The Court also declines to issue a certificate of appealability.

### Background

On December 11, 2019, Defendant and four co-defendants were indicted for various federal drug and firearm felonies. Crim. Case, ECF No. 13. Defendant was charged with conspiracy to distribute five kilograms or more of cocaine and one kilogram or more of heroin, in

---

[1] The Court refers to the docket entries in Petitioner's civil case as "Civ. Case, ECF No. __," and it refers to the docket entries in Petitioner's criminal case as "Crim. Case, ECF No. __."

[2] Petitioner filed the instant motion pro se but subsequently retained counsel. Counsel filed the reply brief on his behalf.

violation of 21 U.S.C. §§ 841(a)(1), (a)(1)(A), and 846 (Count I); possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count IV); and being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count V). *Id.*

On September 23, 2020, Petitioner entered into a plea agreement with the Government where he agreed to plead guilty to a lesser-included offense on Count I (conspiracy to distribute powder cocaine) and Count V (felon in possession). Crim. Case, Plea Agreement, ECF No. 48 ¶ 2. The Government agreed to dismiss Count IV at sentencing. *Id.* ¶ 7. The plea agreement contained a factual basis to support the guilty plea. *Id.* ¶ 3. Petitioner acknowledged that he could be sentenced up to 40 years' imprisonment on Count I and 10 years on Count V, and that the Court would ultimately decide his sentence. *Id.* ¶¶ 5–6. Petitioner further agreed to waive his rights to appeal or collaterally attack his guilty plea and sentence except for ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. *Id.* ¶ 15.

That same day, the Court held a change of plea hearing where Petitioner made several statements while under oath. Crim. Case, Plea Hearing, ECF No. 51. First, Petitioner stated he was satisfied with Trial Counsel and had no complaints about his representation. *Id.* at 7:1–6. Second, he acknowledged his decision to plead guilty was his decision alone and based solely on his agreement with the Government. *Id.* at 7:7–18. Third, he acknowledged he read and understood the plea agreement. *Id.* at 8:1–8 ("I read it all night."). Fourth, he acknowledged the Court could sentence him anywhere in the range of 5 to 40 years' imprisonment on Count I and up to 10 years' imprisonment on Count V, and those charges could run either concurrently or consecutively. *Id.* at 9:20–25, 10:1–16. Fifth, he agreed the plea agreement that caused him to plead guilty was the only formal offer extended to him. *Id.* at 13:23–25, 14:1–9. Sixth, he

2

acknowledged Trial Counsel could only estimate what his sentencing guidelines calculation would be. *Id.* at 26:6–25, 27:1–2. Lastly, he acknowledged the existence and scope of his appellate and collateral attack waiver and that he was waiving his right to trial. *Id.* at 27:3–16, 28:4–19. The Court accepted Petitioner's guilty plea. *Id.* at 29:4–13.

The case was then set for sentencing on January 3, 2022. The Presentence Investigation Report ("PSR") found Petitioner culpable for a greater drug amount than the amount he admitted to in the plea agreement and recommended a guideline range of 292 to 365 months' imprisonment. Crim. Case, PSR ¶¶ 36, 144, ECF No. 58. Trial Counsel filed a sentencing memorandum seeking the lowest possible sentence under the law. Crim. Case, ECF No. 85. The Government filed a sentencing memorandum requesting 312 months' imprisonment on Count I and 120 months' imprisonment on Count V. Crim. Case, ECF No. 84.

At sentencing, the Court sustained in part Trial Counsel's objection to the drug calculations, thus reducing the recommended guidelines to 235 to 293 months' imprisonment. Crim. Case, Sent. Tr. at 40:8–17, 42:21–25, 43:1–20, ECF No. 111. The Government argued for a sentence of 250 months' imprisonment. *Id.* at 47:20–22. Trial Counsel persisted in asking for a "much lesser sentence" than that sought by the Government. *Id.* at 51:11–12.

Under oath, Petitioner acknowledged that he agreed to plead guilty to the statutory range of punishment, that is 5 to 40 years' imprisonment on Count I and no more than 10 years' imprisonment on Count V. *Id.* at 52:21–25, 53:1–7. The Court then applied the § 3553(a) factors, noting Petitioner's significant criminal history (Category VI), including 34 municipal convictions, 26 driving while suspended convictions, three counts of obstructing a law enforcement officer, drug-related convictions, and others. *Id.* at 53:22–25, 54:1–17. The Court credited Petitioner's guilty plea and acceptance of responsibility, *id.* at 54:18–20, but also noted the amount of drugs

3

Petitioner had in his possession, *id*. at 55:24–25, 56:1, and the need to adequately deter criminal conduct, *id.* at 55:20–21. The Court ultimately found these facts as well as the application of other § 3553(a) factors warranted a sentence at the lower end of the guidelines: 235 months' imprisonment. *Id.* at 56:7–11 (235 months on Count I and 120 months on Count V, to run concurrently). Petitioner appealed his sentence. *See United States v. Terry Finch*, No. 22-1101 (8th Cir. Jan. 18, 2022). The Eighth Circuit enforced the appeal waiver and dismissed his appeal. Crim. Case, ECF No. 135.

Petitioner then filed the instant motion seeking to vacate his sentence on ineffective assistance of counsel grounds.

**Standard**

To succeed on an ineffective-assistance-of-counsel claim, Petitioner "must show [1] that counsel's performance was deficient, and [2] that the deficient performance prejudiced the defense." *Haney v. United States*, 962 F.3d 370, 373 (8th Cir. 2020) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Failure to satisfy either prong is fatal to the claim. *Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

To satisfy the deficiency prong, Petitioner must establish that Trial Counsel's performance fell "below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney." *United States v. Ngombwa*, 893 F.3d 546, 552 (8th Cir. 2018) (quoting *Long v. United States*, 875 F.3d 411, 413 (8th Cir. 2017)). For his claim that Trial Counsel's sentencing advice impacted the voluntariness of the plea, Petitioner must show that Trial Counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quotation omitted).

4

To satisfy the prejudice prong, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *O'Neil v. United States*, 966 F.3d 764, 771 (8th Cir. 2020) (quotation omitted). Reasonable probability "requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (internal quotation marks omitted). To prove prejudice in the plea context, Petitioner must typically "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Covington v. United States*, 739 F.3d 1087, 1090 (8th Cir. 2014) (quoting *Hill*, 474 U.S. at 59).

**Discussion**

**I.     Petitioner's ineffective assistance of counsel claims are meritless.**

Petitioner alleges two grounds for ineffective assistance of counsel. First, Petitioner argues Trial Counsel was ineffective at the plea stage for: (1) failing to adequately convey the ramifications of the applicable guideline enhancements upon sentencing and misleadingly underestimating the anticipated sentence; (2) presenting Petitioner with the written plea agreement less than twenty-four hours prior to his change of plea hearing; and (3) soliciting help from Petitioner's family under false pretenses to coerce and compel Petitioner to accept the plea agreement. Second, Petitioner claims Trial Counsel was ineffective for advising him to accept a plea agreement that procured no "discernible benefit" for him. Both arguments fail.

**A.     Trial Counsel was not deficient.**

As an initial matter, most of Petitioner's allegations are conclusory and lack specificity. *See Saunders v. United States*, 236 F.3d 950, 952–53 (8th Cir. 2001) (affirming dismissal of § 2255 motion for lack of specificity). Neither Petitioner's motion nor reply brief cite supporting

5

caselaw[3] or specific facts for the Court to consider. Nonetheless, the Court addresses the alleged deficiencies in turn.

First, Petitioner argues Trial Counsel failed to adequately convey the ramifications of the applicable guideline enhancements upon sentencing and misleadingly underestimated the anticipated sentence. This argument lacks specificity as it never discusses the contents of any communications between him and Trial Counsel or how Trial Counsel's pre-plea estimate differed from the sentence imposed by the Court. Even if Petitioner set forth facts showing Trial Counsel gave "[i]naccurate advice . . . about the sentencing guidelines or likely punishment[, that] does not render involuntary [Petitioner's] decision to plead guilty, so long as [Petitioner was] informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." *Walker v. United States*, 810 F.3d 568, 578 (8th Cir. 2016). Here, Petitioner was advised of both, so his plea was voluntary.

Further, this allegation is wholly inconsistent with the sworn testimony he gave at his change of plea hearing. *See Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (holding statements made under oath "during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977))). In the written plea agreement and at the plea hearing, Petitioner acknowledged Trial Counsel's sentence calculation was only an estimate and the Court could sentence him anywhere in the statutory range of 5 to 40 years' imprisonment on Count I and up to 10 years' imprisonment on Count V, running either concurrently or consecutively. *See Walker*,

---

[3] The Court acknowledges Petitioner cites overarching caselaw in the "Memorandum of Law" section of his reply brief, but he fails to cite any caselaw supporting his arguments. And as the Eighth Circuit has noted, "[i]t is not this court's job to research the law to support a[] [party's] argument." *United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008) (first alteration in original) (quotation omitted).

6

810 F.3d at 578 (finding similar evidence contradicted a petitioner's claims that she was induced to plead guilty based on inaccurate sentencing advice from her counsel).

Second, Petitioner argues Trial Counsel presented him with a copy of the plea agreement less than twenty-four hours before his change of plea hearing and failed to thoroughly review the agreement with him. Again, Petitioner's argument conflicts with his sworn testimony. At the change of plea hearing, Petitioner represented that he adequately reviewed the plea agreement, was satisfied with it, had no questions about it, and was satisfied with Trial Counsel's work. He additionally represented that the plea agreement had been an ongoing process, thus negating any claim that a plea agreement (or the idea of a plea agreement) was sprung on him at the last minute. *See* Crim. Case, Plea Hearing at 8:9–12.

Third, Petitioner argues Trial Counsel solicited help from his family under false pretenses to coerce and compel him to accept the plea agreement. The only evidence Petitioner gives in his motion is that Trial Counsel stated the plea agreement was "[t]oo good to pass up."[4] Civ. Case, Mot. at 4. Even assuming Trial Counsel made such a comment, it falls short of demonstrating ineffective assistance of counsel.

Fourth, Petitioner argues Trial Counsel advised him to accept a plea agreement that procured no "discernible benefit" for him. Namely, the plea agreement did not reduce his guidelines range relative to what he would have anticipated pursuant to an open plea or at trial, and it contained an appellate waiver. This argument is frivolous. Petitioner acknowledged and acquiesced to both the statutory range of punishment he was subject to and the appellate waiver's

---

[4] The Court notes Petitioner attached his brother's affidavit to his reply brief, which outlines other statements Trial Counsel allegedly made to his brother. *See* Civ. Case, Reply at 13–16. The Government was not apprised of the opportunity to respond to these new allegations since they were raised for the first time in the reply brief. The Eighth Circuit has repeatedly held new allegations cannot be raised for the first time in a reply brief, so the Court declines to consider the affidavit. *See Smith v. United States*, 256 F. App'x 850, 852 (8th Cir. 2007) (finding district court did not error in dismissing claims raised for the first time in § 2255 reply brief); *see also Hohn v. United States*, 193 F.3d 921, 923 n.2 (8th Cir. 1999). But even if the Court did consider it, none of the examples raised therein show deficiency.

7

existence at the change of plea hearing. The Government's brief also identifies several benefits Petitioner received as a result of the plea agreement, none of which Petitioner addresses in his reply brief.

While Petitioner now has a "change of mind or belated misgivings about the wisdom of his plea[,]" that "will not suffice to prove ineffective assistance of counsel." *Thompson v. United States*, No. 09-0973-CV-W-GAF-P, 2010 WL 2010525, at *5 (W.D. Mo. May 18, 2010). Thus, Petitioner has failed to demonstrate Trial Counsel was deficient.

### B. Petitioner has not suffered prejudice.

Even if Trial Counsel was deficient, Petitioner has not demonstrated prejudice. Here, Petitioner maintains he "would have persisted in his plea of not guilty, or further considered the potential benefits to an open plea to the indictment" had Trial Counsel not been ineffective. Civ. Case, Mot. at 4; *see also id.* at 5. However, Petitioner has not shown these options would have resulted in a lower sentence. *See Covington*, 739 F.3d at 1090; *see also Roberson v. United States*, 901 F.2d 1475, 1478–79 (8th Cir. 1990). In fact, he almost certainly would have received a much higher sentence because he would have faced not only the conspiracy to distribute powder cocaine and felon in possession charges, but also the possession with intent to distribute charge (Count IV) that the Government agreed to dismiss in exchange for his plea. He also would not have received credit for acceptance of responsibility. Thus, Petitioner's arguments fail on the prejudice prong as well.

### II. No evidentiary hearing is required.

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that [he] is entitled to no relief." *Anjulo–Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks

omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id.* (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) ("A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." (quotation omitted)). In the present case, Petitioner's claims are contradicted by the record which shows he entered into the plea knowingly and voluntarily, was satisfied with Trial Counsel's representation, and knew the Court could ultimately sentence him anywhere within the statutory range of punishment. Petitioner has provided no evidence to the contrary. Consequently, no evidentiary hearing is required or will be held.

**III.     A certificate of appealability will not be issued.**

Petitioner can only appeal if a certificate of appealability is issued by this Court or a circuit judge. *See* 28 U.S.C. § 2253(c)(1)(B). Since Petitioner has not made a substantial showing of the denial of a constitutional right or raised a debatable issue among reasonable jurists, this Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## Conclusion

Petitioner's motion to vacate, set aside, or correct his sentence is DENIED, and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:  March 27, 2024                                             /s/ Greg Kays
                                                                               GREG KAYS, JUDGE
                                                                               UNITED STATES DISTRICT COURT

9

Case 4:19-cr-00403-DGK   Document 228   Filed 03/27/24   Page 9 of 9